1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MENDAKOTA INSURANCE COMPANY,          )
                                       )
                    Plaintiff,         )          Case No.  2:13-cv-00238-RCJ-CWH
                                       )
vs.                                    )          **ORDER**
                                       )
GIOVANNI VARGAS-ANTIGUA, *et al.*,     )
                                       )
                    Defendants.        )
_____)

        This matter is before the Court on Plaintiff's Motion for Service by Publication and

Through the Nevada Department of Motor Vehicles and for Extension of Time to Effectuate

Service (#27), filed on May 13, 2013.  The Court also considered Plaintiff's Memorandum of

Points and Authorities (#28), Declaration (#29), and Proposed Order (#30), all filed on May 13,

2013.[1]

**BACKGROUND**

        This is an action for declaratory relief seeking to adjudicate the rights and responsibilities of

Plaintiff insurance company and Defendant insureds or prospective/potential claimants.  The

Complaint in this matter was filed on February 13, 2013 and Summons issued to all Defendants

that same day.  (#1, #4).  The time to serve Defendants will expire on June 13, 2013.  By way of the

current motion, Plaintiff seeks an enlargement of time of ninety (90) days to accomplish service on

six Defendants: Michel Antigua-Lopez, Giovanni Vargas-Antigua, Irada Bitec-Leyva, Francisco

Quintana, Marelis Laffita, and Liuxy Vargas-Perez.  Plaintiff attests that it has worked diligently

since the inception of the case to accomplish service.  The Affidavits by the process server indicate

_____

[1] The Court notes that numerous errors were included in the briefing submitted for this motion including incorrect case captions that refer to this case being in the Southern District of California (#27), District of Nevada, Southern Division (#28), and Clark County, Nevada (#29) and reference to Defendant Liuxy Vargas-Perez as Liuxy Vasquez-Perez (#28, 2).

1    thorough efforts were made to effectuate service on these Defendants.  (#11-16).  Consequently, in

2    addition to the extension, Plaintiff requests an order permitting service by publication of the

3    summons and complaint and through the Nevada Department of Motor Vehicles.

4                                           **DISCUSSION**

5        Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

6        If a defendant is not served within 120 days after the complaint is filed, the
         court–on motion or on its own after notice to the plaintiff–must dismiss the
7        action without prejudice against that defendant or order that service be made
         within a specified time.  But if the plaintiff shows good cause for the failure,
8        the court must extend the time for service for an appropriate period.

9    *Id*.  Courts have broad discretion to extend time for service under Rule 4(m).  *Efaw v. Williams*, 473 F.3d

10   1038, 1041(9th Cir. 2003).  The Supreme Court has stated that the 120-day time period for service

11   contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible

12   allowance."  *Henderson v. United States*, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie

13   the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits

14   a district court to grant an extension of time to serve the complaint *after* that 120-day period."  *Mann v.*

15   *American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  Moreover, the Advisory Committee Notes to

16   Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good

17   cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to

18   relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause

19   shown."  See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

20       Generally, "good cause" is equated with diligence.  *See* Wright & Miller, *Federal Practice and*

21   *Procedure: Civil 3d* § 1337.  In the Ninth Circuit, a showing of good cause requires more than simple

22   inadvertence, mistake of counsel, or ignorance of the rules.  *See National Union Fire Ins. Co. v. Monroe*,

23   2011 WL 383807 (D. Nev.) (citations omitted).  "At a minimum, good cause means excusable neglect.  A

24   plaintiff may also be required to show the following: (a) the party to be served personally received actual

25   notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely

26   prejudiced if his complaint were dismissed."  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)

27   (citation omitted).  Here, the Court finds that Plaintiff has demonstrated good cause for an extension of

28   the 120-day time period for service.  Plaintiff's motion was filed prior to expiration of the original 120-

                                                   2

day period.  It appears that, prior to filing the motion, Plaintiff, through its process server, made multiple attempts to serve the six Defendants referenced above.  The Court finds that a ninety (90) day extension from the date of this order, until August 12, 2013, is warranted.

As for service by publication, Rule 4(e)(1) provides for service upon individuals in two ways: (1) "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) by delivering a copy of the summons and complaint to the individual personally, leaving it at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering it to an agent authorized by appointment or by law.  Fed. R. Civ. P. 4(e)(1).  In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law.  Parties are required to personally serve summons and the complaint upon defendants.  When personal service proves impossible NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of the court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant.  There are several key factors Nevada courts generally consider when evaluating whether a party seeking service by publication has demonstrated due diligence.  Nevada courts principally consider the number of attempts made by the plaintiff and other methods used to locate the defendant.  *See, e.g., Price v. Dunn*, 106 Nev. 100, 103 (1990); *Abreu v. Gilmer*, 115 Nev. 308, 311 (1999); *McNair v. Rivera*, 110 Nev. 463, 454 (1994).  In *Price*, the Nevada Supreme Court overturned the district court's grant of service by publication because "other reasonable methods exist for locating the whereabouts of a defendant." *Id.*  In contrast, in *Abreu*, the court determined that plaintiff had exercised due diligence in attempting service because it made three attempts at his possible address and also consulted telephone company directories.  115 Nev. at 311.  Here, Plaintiff has attempted to serve Irada Bitec-Leyva, Francisco Quintana, Marelis Laffita, and Liuxy Vargas-Perez at their last known addresses, performed a search of local phone directories, internet databases, Clark County Public Records, Nevada State Public Records, and the United States Post Office.  Therefore, the Court finds that Plaintiff's process server made a good faith effort to locate these

1    four Defendants and Plaintiff may resort to service by publication.  Pursuant to Rule (4)(e)(1)(iii), the

2    publication must be "made in a newspaper, published in the State of Nevada . . . for a period of 4 weeks,

3    and at least once a week during said time."  Nev. R. Civ. P. 4(e)(1)(iii).

4            As for service through the Nevada Department of Motor Vehicles, Plaintiff highlights NRS

5    14.070 as providing the authority to effectuate service on Defendants Michel Antigua-Lopez and

6    Giovanni Vargas-Antigua in that manner.  NRS 14.070 provides for service of process on operators of

7    motor vehicles involved in collisions and accidents in the state.  It states,

8            The use and operation of a motor vehicle over the public roads, streets or highways, or in
             any other area open to the public and commonly used by motor vehicles, in the State of
9            Nevada by any person, either as principal, master, agent or servant, shall be deemed an
             appointment by the operator, on behalf of the operator and the operator's principal,
10           master, executor, administrator or personal representative, of the Director of the
             Department of Motor Vehicles to be his or her true and lawful attorney upon whom may
11           be served all legal process in any action or proceeding against the operator or the
             operator's principal, master, executor, administrator or personal representative, growing
12           out of such use or resulting in damage or loss to person or property, and the use or
             operation signifies his or her agreement that any process against him or her which is so
13           served has the same legal force and validity as though served upon him or her personally
             within the State of Nevada.

14   NRS 14.070(1).  Section two continues with instructions of how service of process in this manner must

15   be accomplished.  *See also Austin v. C & L Trucking, Inc.*, 610 F.Supp. 465 (1985).  Moreover, NRS

16   14.070(5) provides that NRS 14.070(2) is not an exclusive method of service, but "if the operator

17   defendant is found within the State of Nevada, he must be served with process in the State of Nevada."

18   NRS 14.070(6) further provides that NRS 14.070(2) applies to "nonresident motorists and to resident

19   motorists who have left the state or cannot be found within the state following an accident which is the

20   subject of an action for which process is served pursuant to this section."  *See also Browning v. Dixon*,

21   114 Nev. 213 (1998).  The Court finds that Plaintiff has complied with its affirmative obligation to

22   diligently search for the resident motorist defendants to determine whether they have departed the state

23   or cannot be located within the state.  Accordingly, the Plaintiff may resort to service through the

24   Nevada Department of Motor Vehicles for Michel Antigua-Lopez and Giovanni Vargas-Antigua.

25           Based on the foregoing and good cause appearing therefore,

26           **IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication and Through the

27   Nevada Department of Motor Vehicles and for Extension of Time to Effectuate Service (#27) is

28

                                                         4

1  **granted**.  Plaintiff shall up to and including August 12, 2013, to complete service.

2       DATED this 14th day of May, 2013.

3

4                            _____

5                            **C.W. Hoffman, Jr.**
                             **United States Magistrate Judge**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28