# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MENDAKOTA INSURANCE COMPANY,

          Plaintiff,

vs.

GIOVANNI VARGAS-ANTIGUA, *et al.*,

          Defendants.

Case No. 2:13-cv-00238-RCJ-CWH

**ORDER**

      This matter is before the Court on the parties' Joint Discovery Plan and Scheduling Order (#50), filed on July 29, 2013. The Court has reviewed the Plan and finds that it does not comply with Local Rule ("LR") 26-1. The Court notes that, pursuant to LR 26-1(e)(1), discovery is measured from "the date the first defendant answers or otherwise appears." Here, the parties' measured their request from July 7, 2013, which is a Sunday, despite the first defendant appearing on June 13, 2013. *See* Stipulation #34. The parties give no reason for why the discovery cutoff deadline should be measured differently from LR 26-1's standard so the Court will enter the standard discovery deadlines. Further, the proposed plan and scheduling order does not cite LR 26-4. LR 26-4 states, "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline." Accordingly, the Court will modify the plan to reflect the this standard for requesting a modification or extension.

      Based on the foregoing and good cause appearing therefore,

      **IT IS HEREBY ORDERED** that the parties' Joint Discovery Plan and Scheduling Order (#50) is **denied.**

      **IT IS FURTHER ORDERED** that the following dates shall govern discovery:

1. Discovery cutoff       **December 10, 2013**
2. Motions to amend pleadings and add parties       **September 11, 2013**

| | | | |
|---|---|---|---|
| 1 | 3. | Expert designations | **October 11, 2013** |
| 2 | 4. | Rebuttal expert designations | **November 12, 2013** |
| 3 | 5. | Interim status report | **October 11, 2013** |
| 4 | 6. | Dispositive motions | **January 9, 2014** |

**IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of **good cause** as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery, at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court, or at least **twenty-one (21) days** prior to the expiration of the subject deadline. Any extension or modification of a discovery deadline or subject deadline not filed at least twenty-one (21) days prior to the date fixed for completion of discovery or the expiration of the subject deadline must be supported by a showing that the failure to act was the result of **excusable neglect**. The motion or stipulation shall include:

  a. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

  b. A specific description of the discovery which remains to be completed;

  c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

  d. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." *See* LR 7-1(b).

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by **February 10, 2014.** If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on

1  said dispositive motions.

2      DATED this 30th day of July, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**