1   McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2   Wade M. Hansard
Nevada Bar No. 8104
3     *wade.hansard@mccormickbarstow.com*
Jonathan Carlson
4   Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
5   8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
6   Telephone:     (702) 949-1100
Facsimile:     (702) 949-1101
7
Attorneys for MENDAKOTA INSURANCE
8   COMPANY

9
UNITED STATES DISTRICT COURT
10
DISTRICT OF NEVADA
11

12

13   MENDAKOTA INSURANCE COMPANY, a
Minnesota Corporation,

Case No. 2:13-cv-00238-JAD-CWH

14                        Plaintiff,

**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

15         v.

16   GIOVANNI VARGAS-ANTIGUA, an
individual; MICHEL ANTIGUA-LOPEZ, an
17   individual; DIANE GUTIERREZ, an
individual; BIANE "NOAH" GUTIERREZ,
18   an individual; LUIS LOPEZ-RODRIGUEZ,
an individual; LIUXY VARGAS-PEREZ, an
19   individual; FRANCISCO QUINTANA, an
individual; RAIDEL ECHAVARRIA, an
20   individual; IRADA BITEC-LEYVA, an
individual; INES PEREZ-MESA, an
21   individual; MARELIS LAFFITA, an
individual; DOE individuals 1-10; ROE
22   BUSINESS ENTITIES I-X, inclusive,

23                        Defendants.

24

25         Presently before the Court is Plaintiff MENDAKOTA INSURANCE COMPANY's

26   Application for Entry of Default Judgment against Defendants GIOVANNI VARGAS-ANTIGUA;

27   MICHEL ANTIGUA-LOPEZ; LUIS LOPEZ-RODRIGUEZ; LIUXY VARGAS-PEREZ;

28   FRANCISCO QUINTANA; RAIDEL ECHAVARRIA; IRADA BITEC-LEYVA; INES

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

2:13-cv-00238-JAD-CWH

**PROPOSED ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

1    PEREZ-MESA; and MARELIS LAFFITA (Doc. 68) and the Points and Authorities in Support

2    Thereof (Doc. 69).

3                                          **I.**

4                                   **BACKGROUND**

5         This case arises out of a series of staged motor vehicle collisions that took place September 7,

6    2011; October 5, 2011; and November 5, 2011.   Plaintiff MENDAKOTA INSURANCE

7    COMPANY's ("MENDAKOTA") Complaint for Declaratory Relief (Doc. 1) alleges that the

8    Defendants and each of them were all actual or potential personal injury claimants as a result of these

9    respective motor vehicle collisions.  MENDAKOTA's Complaint for Declaratory Relief alleged that

10   MENDAKOTA owed no coverage obligation to its putative insureds, GIOVANNI

11   VARGAS-ANTIGUA or MICHEL ANTIGUA-LOPEZ, or any of the other Defendants who are

12   potential personal injury claimants on several grounds, including (a) MENDAKOTA's auto policy is

13   void due to material misrepresentations made in connection with ANTIGUA-LOPEZ securing the

14   policy; (b) MICHEL ANTIGUA-LOPEZ and GIOVANNI VARGAS-ANTIGUA's non-cooperation

15   with MENDAKOTA, to MENDAKOTA's prejudice; and (c) the fraud engaged by all  of the

16   Defendants to this action falls under an exclusion to the MENDAKOTA policy, which excludes

17   bodily injury caused by an intentional act or at the direction of an insured person.

18        MENDAKOTA's Complaint (Doc. 1) was filed February 13, 2013.  Defendants RAIDEL

19   ECHAVARRIA, LUIS LOPEZ-RODRIGUEZ and INES PEREZ-MESA were duly served on

20   March 28, 2013.  (Doc. 6, 7 and 8)  Defendants MICHEL ANTIGUA-LOPEZ and GIOVANNI

21   VARGAS-ANTIGUA were duly served May 22, 2013.   (Doc. 32, 33)   Defendants LIUXY

22   VARGAS-PEREZ, MARELIS LAFFITA, FRANCISCO QUINTANNA and IRADA BITEC-LEYVA

23   were served June 24, 2013. (Doc. 38, 39, 40 and 41)  None of these Defendants have appeared in this

24   action since service.

25        On May 9, 2013, the clerk's office entered default as to Defendants LUIS

26   LOPEZ-RODRIGUEZ, RAIDEL ECHAVARRIA and INES PEREZ MESA.  (Doc. 22, 23 and 24)

27   On July 25, 2013, the clerk's office entered default as to Defendants MARELIS LAFFITA, IRADA

28   BITEC-LEYVA,   MICHEL   ANTIGUA-LOPEZ,   FRANCISCO   QUINTANNA,   LIUXY

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

2                                   2:13-cv-00238-JAD-CWH

**PROPOSED ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

1    VARGAS-PEREZ and GIOVANNI VARGAS-ANTIGUA.  (Doc. 43, 44, 45, 46, 47 and 48)

2           On February 22, 2014, MENDAKOTA filed a Motion for Default Judgment and a

3    Memorandum of Points and Authorities in Support Thereof.  (Doc. 68 and 69)

4                                                **II.**

5                                        **LEGAL STANDARD**

6           Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment

7    for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

8    affidavit or otherwise, the clerk must enter the party's default."  Federal Rule of Civil Procedure

9    55(d)(2) provides that, "a court may enter default judgment after the party seeking default applies to

10   the clerk of the court as required by subsection (a) of this rule."

11          On May 10, 2013 and July 25, 2013, the clerk entered default against these various Defendants

12   for their failure to plead or otherwise defend the instant lawsuit.  Pursuant to Federal Rule of Civil

13   Procedure 55(b)(2), MENDAKOTA now asks this Court to enter default judgment against these

14   Defendants.

15          The choice of whether or not to enter a default judgment lies within the discretion of the trial

16   court.  *Aldade v. Aldade*, 616 F. 3d 1089, 1092 (9th Cir. 1980).  In the determination of whether or not

17   to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v.*

18   *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors are:

19          (1)     The possibility of prejudice to Plaintiff;

20          (2)     The merits of the claims;

21          (3)     The sufficiency of the Complaint;

22          (4)     The amount of money at stake;

23          (5)     The possibility of a dispute concerning material facts;

24          (6)     Whether or not default was due to excusable neglect; and

25          (7)     The policy favoring decision on the merits.  (*Id.*)

26          In applying these *Eitel* factors, "the factual allegations of the Complaint, except those relating

27   to the amount of damages, will be taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560

28   (9th Cir. 1977); *see also* Fed. R. Civ. P. 9(b).

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

**PROPOSED ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

# III.

## DISCUSSION

The first *Eitel* factor favors default judgment.  MENDAKOTA may be prejudiced if the contract of insurance is not rescinded because ANTIGUA LOPEZ obtained the auto policy by misrepresenting material facts in connection with the usage of the vehicle and the number and identity of adult drivers.  (Doc. 69, 119-26.)  Further, MENDAKOTA may be prejudiced if not afforded declaratory relief stating that Defendants do not have a claim under the auto policy.  That is, Plaintiff will be subject to one or more suits brought by these Defendants on this issue if Defendants are not enjoined from asserting rights under the policy.  Thus, if MENDAKOTA's Motion for Default Judgment is not granted, MENDAKOTA will likely be without other recourse to protect itself in the lawsuit.

The second *Eitel* factor weighs in favor of default judgment.  MENDAKOTA alleges a cause of action for declaratory relief.  The Court finds that the claim that serves as a basis for this relief, fraud, misrepresentation, non-cooperation, each have merit.

The third *Eitel* factor weighs in favor of default judgment.  MENDAKOTA's Complaint sufficiently outlines the various grounds giving rise to the claim for declaratory relief.  Moreover, Defendants each waive their rights to contest Plaintiff's Complaint and the allegations contained therein when they failed to file their responsive pleading.  Thus, the Court finds that this factor weighs in favor of granting a default judgment.

Under the fourth *Eitel* standard, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct.  *Pepsi Co. Inc. v. Cal. Security Cans.*, 238 F.Supp.2d 1127, 1176 (C.D. Cal. 2002).  The sum in controversy is over $90,000 and is based on the intentional misconduct and collusion amongst the Defendants.  Thus, the Court finds that this factor weighs in favor of default judgment.

The fifth *Eitel* factor favors default judgment.  Defendant did not answer the Complaint and, thus, "the factual allegations of the Complaint … will be taken as true."  *Geddes*, *supra* at 560.

Applying the sixth *Eitel* factor, the Court cannot conclude that the Defendants' default was due to any excusable neglect.  Each Defendant was properly served a Summons and the Complaint.

**PROPOSED ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

1   Defendants' failure to respond or litigate this case cannot be attributable to excusable neglect.

2          The seventh, and final, *Eitel* factor is mutual.  While "cases should be decided upon the merits

3   whenever reasonably possible," *Eitel*, *supra* at 1472, the mere existence of Rule 55(b) "indicates that

4   this preference, standing alone, is not determinative."  *Cal. Security Cans., supra*, at 1177 (citation

5   omitted).  Moreover, Defendants' failure to answer or otherwise respond to the Complaint "makes a

6   decision on the merits impractical, if not impossible."  *Id.*

7          Having reviewed MENDAKOTA's Motion and supporting exhibits, and having considered the

8   *Eitel* factors as a whole, the Court concludes that entry of default judgment is appropriate against

9   Defendants and each of them.

10

11                                        **ORDER**

12          IT IS HEREBY ORDERED that Plaintiff's Application for Entry of Default Judgment

13   (Doc. 68, 69) is GRANTED.  A declaratory judgment is hereby entered in favor of Plaintiff

14    declaring that:

15          a.      Plaintiff has no obligation under The Policy for any damages or award in

16    the actions or to provide coverage with respect to the Actions;

17          b.      MICHEL ANTIGUA-LOPEZ and GIOVANNI ANTIGUA-LOPEZ have

18   breached their duties under The Policy and that Plaintiff has been substantially prejudiced thereby,

19   excusing Plaintiff from any further obligation to provide coverage under The Policy with respect

20    to the action.

21          This default judgment resolves all remaining claims against all remaining parties.

22          Accordingly, the Clerk of Court is instructed to enter judgment accordingly and close

23   the case.

24          Dated:  December 5, 2014.

25

26                                        _____
                                          UNITED STATES DISTRICT JUDGE

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

5                                    2:13-cv-00238-JAD-CWH
**PROPOSED ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**